IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTONIO BUEHLER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-03430 |
| § | |
| DAREN HEAD, § | |
| § | |
| Defendant. § | |

**ORDER**

Pending before the Court is a motion to dismiss for lack of subject matter jurisdiction by Defendant Daren Head ("Defendant"). (Doc. No. 31). Plaintiff Antonio Buehler ("Plaintiff") filed a response in opposition to the motion to dismiss (Doc. No. 35), and Defendant filed a reply in support of its motion. (Doc. No. 38). Having carefully considered Plaintiff's Amended Complaint, the Motions, and the applicable law, the Court **GRANTS** the Motion.

### I.   Background

Plaintiff is a member and "one of many" administrators of a Facebook page called the Peaceful Streets Project ("PSP").[1] (Doc. No. 2 at 3). According to the first amended complaint ("amended complaint"), that page posts articles and videos about law enforcement. (*Id.*). On February 20, 2019, Facebook emailed Plaintiff to inform him that it had received an administrative subpoena from law enforcement seeking information about "his" Facebook account.[2] (Doc. No. 2, Ex. 2). Only Facebook requested information from Plaintiff's account. (Doc. No. 3 at 3; *see also*

---

[1] The amended complaint does not make clear whether PSP is a formally established or organized entity. It also does not address whether PSP officially recognizes the Facebook page related to it. (*See* Doc. No. 2 at 3).
[2] Defendant is not responsible for Facebook's characterization of the administrative subpoena to Plaintiff.

1

*id.*, Ex. 1). Upon Plaintiff's request, Facebook then provided him with a copy of the administrative subpoena it had received, (Doc. No. 2 at 3), which requested various subscriber information for the account, http://facebook.com/PeacefulStreets. (Doc. No. 2 at 3; *id.*, Ex. 2). Plaintiff alleged that the administrative subpoena was authorized in retaliation for articles he published on PSP's Facebook page that were critical of the Houston Police Department ("HPD") and its Chief Art Acevado. (Doc. No. 2 at 3–4). Facebook's email to Plaintiff advised that it would have to comply with the request unless he challenged the legal process within 10 days. (Doc. No. 2, Ex. 2).

The subpoena names PSP's Facebook page as the target of the inquiry. (Doc. No. 2, Ex. 1 at 2). It commands Facebook, which is identified by highlighter in a laundry list of other communications providers, to turn over information concerning the Facebook page "in furtherance of a criminal investigation, namely, **Interfering with public duties**." (*Id.*) (emphasis in original). Defendant, a lieutenant with the HPD who supervises the Communications Intelligence Unit, authorized the administrative subpoena. (Doc. No. 31 at 8.; *see also* Doc. No. 2 at 2–3). By its own terms, the administrative subpoena was issued under Texas Code of Criminal Procedure sections 18.20 and 18.21,[3] as well as 18 U.S.C. § 2703(c)(2)(A)-(F). (Doc. No. 2, Ex. 1 at 1). The copy of the subpoena that Plaintiff received from Facebook instructs Facebook to turn over any and all subscriber information for devices and accounts pertaining to PSP's Facebook page, including personal unlocking codes on file, social security numbers, email addresses, alternative contacts on the accounts, and dates of services. (Doc. No. 2 at 2; *see also id.*, Ex. 1 at 2). According to the amended complaint, no members of law enforcement contacted Plaintiff directly or subpoenaed any information from him. (Doc. No. 2. at 2).

---

[3] As of January 2019, the Texas statute, which tracks the Federal Stored Communications Act, is codified at Texas Code of Criminal Procedure Chapter 18B, Subchapter H. It was formerly codified at Texas Code of Criminal Procedure Art. 18.21. For the purposes of this order, the Court shall refer to the current statute, Tex. Code Crim. Proc. Ann. Art. 18B.359 (West Supp. 2019).

2

## II.   Procedural History

On February 27, 2019, presumably in response to Facebook's email, Plaintiff filed this lawsuit in the Western District of Texas, Austin Division, against Defendant "in his individual capacity," acting under color of law. (Doc. No. 2 at 2). The amended complaint alleges that Defendant violated the Plaintiff's Fourth Amendment right to be free from an unreasonable search. (*Id.* at 4). In September 2019, the Western District transferred the case to this Court. (Doc. No. 23). To date, Plaintiff seeks (1) declaratory relief pursuant to 28 U.S.C. § 2201 to the effect that his constitutional rights have been violated by acts of the Defendant; (2) a declaration that Tex. Code Crim. Proc. Ann. Art. 18.21 § 15 is unconstitutional because it circumvents the warrant requirement of the Fourth Amendment and deprives him of the right to due process; (3) special damages including legal fees and expenses; and (4) punitive damages for Defendant's conscious indifference to Plaintiff's constitutional rights. (Doc. No. 2). Defendant filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff lacks standing to sue. (Doc. No. 31). Plaintiff filed a response in opposition to the motion to dismiss (Doc. No. 35), and Defendant filed a reply in support of its motion. (Doc. No. 38).

## III.   Legal Standard

An order from a court that lacks subject matter jurisdiction over a case is void. *See Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015); *see also Morrison v. Nat'l Austrl. Bank Ltd.*, 561 U.S. 247, 254 (2010). Article III of the Constitution limits federal jurisdiction to actual "Cases" and "Controversies." *Crane v. Johnson*, 7783 F.3d 244, 251 (5th Cir. 2015); *Lujan v. Def. of Wildlife*, 504 U.S. 555, 559 (1992); *see also United States v. Cotton*, 535

U.S. 625, 630 (2002) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."). Lack of subject matter jurisdiction may be found in any of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)); *see also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) ("The unique power of district courts to make factual findings which are decisive of jurisdiction is, therefore, not disputed.") (collecting cases). The plaintiff bears the burden of establishing jurisdiction. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). Dismissal for lack of subject matter jurisdiction is only appropriate, however, "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle [him] to relief." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (quoting *Ramming*, 281 F.3d at 161); *accord Lujan*, 504 U.S. at 561.

Defendant argues that the Court lacks subject matter jurisdiction over this case because Plaintiff does not have Article III standing to sue Defendant. (Doc. No. 31 at 5). Article III standing requires that a plaintiff have: "(1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (first citing *Lujan*, 504 U.S. at 560–61; and then citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)); *accord Ctr. for Biological Diversity v. U.S. Envtl. Prot. Agency*, 937 F.3d 533, 536 (5th Cir. 2019) (quoting *Gill v. Withford*, 138 S. Ct. 1916, 1929 (2018)). Defendant challenges Plaintiff's allegation that he suffered an injury in fact. In other words, Defendant is arguing that

4

Plaintiff is not the proper party to bring suit, and that he has not suffered damages that entitle him to relief.

### IV. Standing Analysis

As stated above, Plaintiff's amended complaint alleged that Facebook emailed to advise him that HPD had requested records "related to him" and that Plaintiff must file a legal action or Facebook would comply. (Doc. No. 2 at 3). Plaintiff pleaded in the amended complaint that the administrative subpoena requested "all possible information" about "targeted individuals" and PSP's Facebook page, including social security numbers and personal unlocking codes, in furtherance of a criminal investigation. (*Id.* at 2). Plaintiff moreover alleged that if Defendant gained access to these personal unlocking codes, this receipt of information would exceed the scope of access to sensitive information permitted by *Carpenter v. United States*, 138 S.Ct. 2006 (2018) (holding that an individual has a legitimate expectation of privacy in the record of his physical movements as captured through cell-site location information). (*Id.* at 4). Plaintiff therefore argues he has standing because, absent this Court's intervention, Defendant will receive material authorized by the subpoena that exceeds the limits of the enabling statutory authority and invades Plaintiff's constitutionally protected space. (Doc No. 35 at 3). Plaintiff further argues that the injury is particularized to him because of the "expansive" wording of the subpoena. (*Id.* at 4).

Defendant disagrees and contends that Plaintiff was never the target of the subpoena. (Doc. No. 31 at 14). Defendant emphasizes that Plaintiff's name does not appear anywhere on the subpoena and that Plaintiff had no interaction with HPD pertaining to the subpoena. The subpoena addressed solely PSP's Facebook page. (*Id.*; *see also* Doc. No. 2, Ex. 1). Defendant argues, therefore, that there is nothing to suggest Plaintiff is an alter-ego of PSP, which was the actual

5

target of the subpoena. Furthermore, Defendant argues that Plaintiff's accounts and property were never searched. (*Id*). In sum, Defendant argues Plaintiff lacks any concrete injury, and by extension, injury traceable to Defendant's conduct. (*Id.*).

### A. Buehler is Not the Proper Plaintiff

To satisfy constitutional standing, parties must establish an injury in fact. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (heralding injury in fact as "the '[f]irst and foremost' of standing's three elements") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)); *see also Ctr. for Biological Diversity v. U.S. Envtl. Prot. Agency*, 937 F.3d 533, 536 (5th Cir. 2019). An injury in fact must be "concrete and particularized." *Spokeo*, 136 S. Ct. at 1548 (citing *Lujan*, 504 U.S. at 560). A plaintiff's injury is particularized when it affects the plaintiff in "a personal and individual way." *Spokeo*, 136 S. Ct. at 1548 (collecting cases).

The administrative subpoena issued by Defendant clearly is seeking information concerning PSP's Facebook page. (Doc. No. 2, Ex. 1). It never mentions any individual's name and refers only to PSP's Facebook page. (*Id*). In fact, Plaintiff himself concedes that he was never contacted by Defendant or any members of the HPD in relation to this subpoena. (Doc. No. 2 at 3). Facebook alone emailed Plaintiff, and it was Facebook that described the subpoena to Plaintiff as "seeking information about your Facebook account." (Doc. No. 2, Ex. 2). Furthermore, the amended complaint does not plead any facts to support the theory that Plaintiff is the alter-ego of PSP's Facebook page, or that he is acting on its behalf. (*See* Doc. No. 2; *see also* Doc. No. 31 at 14). Plaintiff admits only that he is "one of many" administrators. He has not pleaded any facts that he owns, started, represents, or controls PSP's Facebook page. (Doc. No. 2. at 3). Moreover, Plaintiff has not pleaded that Defendant had personal knowledge that

Plaintiff was an "administrator" of PSP's Facebook page or that the subpoena would in any way extend to him. Plaintiff's amended complaint alleges only that Defendant "wants to believe" that Plaintiff is connected to articles posted on PSP's Facebook Page. (*Id.* at 4). As such, the subpoena was neither "personal and individual" nor directed to Plaintiff. In the absence of any pleading that the PSP Facebook page and the Plaintiff are somehow interrelated or one and the same, or that the Defendant had any knowledge the subpoena would cover the Plaintiff, this Court must agree with Defendant that Plaintiff has not pleaded facts alleging a particularized injury.

### B. Plaintiff Suffered No Damages

Even assuming Buehler was the proper Plaintiff, he has suffered no harm that equates to a concrete injury. *See Spokeo*, 136 S.Ct. at 1548 ("An injury in fact must also be concrete.") (quotation omitted). The Supreme Court held in *Spokeo* that a concrete injury requires that an injury must "actually exist," or alternatively, there must be a "risk of real harm." *Id.* at 1548–49; *accord Clapper v. Amnest Intern. USA,* 568 U.S. 398, 409 (2013); *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016). In other words, a procedural violation alone does not satisfy the injury in fact requirement absent any concrete harm. *Lee v. Verizon Commc'ns.*, 837 F.3d 523, 529 ("[T]he deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.'") (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)).

Plaintiff has not pleaded facts to support any concrete harm. Plaintiff alleges a Fourth Amendment violation of the right to be free from unreasonable search. (Doc. No. 2 at 4). According to the pleadings, Plaintiff's accounts and property, however, have not been searched. Consequently, the harm, if any, is purely hypothetical. (Doc. No. 2 at 4); *See Clapper v. Amnesty*

7

*Intern. USA,* 568 U.S. at 409 ("Threatened injury must be *certainly impending* to constitute injury in fact.") (quotations omitted). Assuming *arguendo*, that the administrative subpoena constituted an impending injury, Plaintiff has waived his right to injunctive relief. He initially requested a temporary restraining order to prohibit Defendant from receiving any information from Facebook as a result of the subpoena and destroy any information already received, (Doc. No. 5) but subsequently withdrew the request. (Doc. No. 11). Therefore, Plaintiff has not pleaded a concrete injury because no search occurred, and there is no impending search warrant directed toward him.

## V.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss for lack of subject matter jurisdiction. (Doc. No. 30). Plaintiff's claims are hereby **DISMISSED** without prejudice.

Signed at Houston, Texas, this 18th day of September, 2020.

Andrew S. Hanen
United States District Judge